# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**LARRY DAVID DAVIS**  **PETITIONER**
**ADC #123330**

**V.**  **CASE NO. 4:21-CV-70-JM-BD**

**ARKANSAS, STATE OF**  **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.  Procedure for Filing Objections:**

This Recommendation for dismissal has been sent to Judge James M. Moody Jr. Mr. Davis may file objections if he disagrees with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If Mr. Davis does not file objections, he risks waiving the right to appeal questions of fact. And, if no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.

**II.  Background:**

On January 25, 2021, Larry David Davis filed a petition for writ of habeas corpus. (Doc. No. 2) Mr. Davis states that he filed the petition in order to obtain hearing and trial transcripts from his state criminal case. He states that the Arkansas Court of Appeals denied his request for transcripts, in violation of his due process rights, and that he needs the transcripts to help him prove that he did not have a fair trial.

### III.    Jurisdiction:

There are several problems with Mr. Davis's petition. The first is that he names the State of Arkansas as the respondent. The proper respondent is the state officer who has custody of the petitioner. Rule 2, Rules Governing § 2254 Cases in the United States District Courts; see also, 28 U.S.C. § 2242. In this case, Dexter Payne, Director of the Arkansas Division of Correction, is Mr. Davis's current custodian and, therefore, is the proper respondent.

Second, Mr. Davis's request for state court trial transcripts is not the kind of relief that courts grant in federal habeas corpus actions. A writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus is the appropriate remedy when a claim "goes directly to the constitutionality of physical confinement or the shortening of its duration." *Id*. at 489.

In *this* petition, Mr. Davis is not challenging the legality of his custody. Rather, the petition is more akin to a discovery request. The fact that Mr. Davis's ultimate aim may be to use the transcripts to attack his conviction is not enough to state a claim for habeas relief. *Skinner v. Switzer*, 562 U.S. 521, 534 (2011). The Supreme Court has not recognized habeas as an available remedy "where the relief sought would neither terminate custody, accelerate the future date of release from custody, nor reduce the level of custody." *Skinner*, 562 U.S. at 534 (cleaned up). Accordingly, this Court lacks jurisdiction.

Mr. Davis does have, however, a pending habeas action stemming from his state conviction. See *Davis v. Payne*, Case No. 4:20-CV-1441 (E.D. Ark. Dec. 10, 2020). And, in that matter, transcripts were recently provided to him as an exhibit to the Respondent's response. See Exhibit G – Transcript of Trial Court Proceedings, *Davis v. Payne*, Case No. 4:20-CV-1441 (E.D. Ark. Jan. 19, 2021).

## IV.   Conclusion:

The Court recommends that Judge Moody DISMISS, without prejudice, Larry Davis's petition (Doc. No. 2) for lack of jurisdiction. His motion to proceed *in forma pauperis* (Doc. No. 1) should be DENIED, as moot.

DATED this 1st day of February, 2021.

_____
UNITED STATES MAGISTRATE JUDGE